In the Matter of the Claim of LOUISA HAMMOND, as Administratrix of the Estate of LEON HAMMOND, Deceased, Appellant, against THE CITY OF FULTON, Respondent.

Firemen — payments to volunteer firemen, or their legal representatives, injured or killed in the performance of their duties — examination and construction of statutes providing for such payments — word "privileges" as used in such statutes held to be synonymous with the word "rights."

1. Where a particular statute refers in general terms to the laws upon a given subject it will be regarded as including not only the laws then in effect, but also the laws subsequently enacted upon

that subject (General Construction Law, Cons. Laws, ch. 22, §§ 48, 110).

2. Under the statute (L. 1895, ch. 615, amd. by L. 1906, ch. 49), afterwards incorporated in the General Municipal Law (Cons. Laws, ch. 24, § 205, amd. L. 1914, ch. 400, § 1), if an active member of a volunteer fire company in a city or incorporated village dies from injuries incurred while in the performance of his duties as such fireman, the city or village shall pay a designated sum to his executor or administrator for the benefit of his next of kin. The charter of the city of Fulton, which was incorporated after the statute of 1895 was in effect, provides (L. 1902, ch. 63, §§ 4, 119) that the call men connected with its fire department shall be entitled to the same privileges as are accorded by the law to volunteer firemen. One of these call men, while performing his duties as such, received injuries from which he died. The claim for payment of the sum designated to be paid a volunteer fireman under the general statute, which was presented by his widow, was rejected by the city, and such proceedings were had thereon as that the Appellate Division has held that she is not entitled to payment thereof. *Held,* upon examination and construction of the statutes cited, that the word "privileges" as used in the provision giving to the call men "the same privileges and exemptions as are accorded by the laws of this state to volunteer firemen" is synonymous with the word "rights," and hence when plaintiff's intestate became one of the call firemen there was read into his contract with the city the provision of the statute providing for payment to him, if injured, the sum specified by the statute or to his representatives in case of his death.

*Matter of Hammond* v. *City of Fulton,* 176 App. Div. 343, reversed.

(Argued February 28, 1917; decided March 20, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 16, 1917, which reversed an order of the Oswego County Court directing the city of Fulton to pay the claim of the petitioner.

The facts, so far as material, are stated in the opinion.

*Thomas Woods* for appellant. The words "privileges and exemptions" should not be construed to include only what was covered at the time of the adoption of the charter. (*Harris* v. *White,* 81 N. Y. 532; *People ex rel. Fox*

*v. Hayden,* 133 N. Y. 198.)   The statutes in question
should be liberally construed.   (Black on Interp. of Laws,
320, 321; *People ex rel. Fox* v. *Hayden,* 133 N. Y. 198;
*Roane* v. *Innes,* Wythe [Va.], 62; *Walton* v. *Cotton,* 19
How. Pr. 355; *Matter of Tobin,* 64 App. Div. 375; 53 App.
Div. 453; 164 N. Y. 532; *People ex rel. Mulvey* v. *York,*
41 App. Div. 419.)   The benefits provided by section 205
of the General Municipal Law are incident to the position.
(*Matter of Mahon* v. *Board of Education,* 171 N. Y. 263;
*People ex rel. Waddy* v. *Partridge,* 172 N. Y. 305.)

*William S. Hillick* for respondent.   The deceased was
not a volunteer fireman and any right in his administra-
trix to the payment of the money claimed must be by
virtue of section 119 of the city charter.   (*People ex rel.
Conley* v. *Beach,* 203 N. Y. 620.)   Section 119 conferred
upon call men the privileges and exemptions accorded
volunteer firemen and does not include in its terms nor
confer the rights accorded the administratrix of a deceased
volunteer fireman.   The only evidence of the intent of
the legislature is the language of the statute.   It can
receive no other construction than that called for by its
language.   (*People* v. *Supervisors of Greene,* 66 How.
Pr. 330; *Matter of Miller,* 110 N. Y. 222; 47 Hun, 394;
*Johnson* v. *H. R. R. Co.,* 49 N. Y. 455; 2 Sw. 298; *Ben-
ton* v. *Wickwire,* 54 N. Y. 22; *Jackson* v. *Lewis,* 17
Johns. 475; *Waterford & Whitehall Turnpike Co.* v.
*People,* 9 Barb. 161; *People* v. *N. Y. C. R. R. Co.,* 13
N. Y. 78; *McCluskey* v. *Cromwell,* 11 N. Y. 602.)

McLAUGHLIN, J.   On the 30th of November, 1915,
Leon Hammond, while performing his duties as a call
fireman in the city of Fulton, N. Y., received injuries
from which he died shortly thereafter.   His widow was
appointed administratrix of his estate and as such pre-
sented a claim, by reason of his death, to the city for
$2,500.   The claim was rejected and she subsequently

presented a petition, in pursuance of section 205 of the General Municipal Law, as amended by subdivision 4, chapter 400 of the Laws of 1914, to the County Court of Oswego county, asking that the city be directed to pay the same. A hearing upon the petition and answer thereto resulted in an order of the County Court directing that the claim be paid. An appeal was taken to the Appellate Division, fourth department, where the order was reversed, one of the justices dissenting, and from its order the present appeal is taken.

The appeal presents a single question, which is, whether, under section 205 of the General Municipal Law, as amended by chapter 400 of the Laws of 1914, and section 119 of the charter of the city of Fulton, the plaintiff, as the administratrix of Leon Hammond, had a valid claim against such city.

The city of Fulton was incorporated under chapter 63 of the Laws of 1902, and when incorporated there were, within its corporate limits, two villages known as Fulton and Oswego Falls, each of which had, prior to the incorporation, a volunteer fire company. Under chapter 615 of the Laws of 1895, if an active member of a volunteer fire company in an incorporated village died from injuries incurred while in the performance of his duties as such fireman the village should pay to his executor or administrator, for the benefit of his next of kin, the sum of $500. This act was amended by chapter 49 of the Laws of 1906, and thereby its provisions were extended to active members of volunteer fire companies in cities. The provision so amended was incorporated into the Consolidated Laws and became section 205 of the General Municipal Law, which was in effect at the time the city of Fulton was incorporated. The section was further amended by chapter 400 of the Laws of 1914, and it was under the provisions of the section as thus amended that the claim was made and allowed.

The charter of the city of Fulton provides (§ 4) that all

officers and members of the fire departments of the vil-
lages of Fulton and Oswego Falls shall be officers and
members of the fire department of the city of Fulton and
shall perform all the duties devolving upon them as such
firemen and have and retain all the rights and privileges
in the same manner and in all respects as if the charter
had not been enacted (§ 115); that the fire department
shall consist of a chief, an assistant chief, eight firemen
and as many call men as the board of fire and police com-
missioners may, from time to time, determine to be neces-
sary (§ 117); the call men shall be paid such compensation
per hour for service at fires or when called out for prac-
tice or review as shall be determined by the board of fire
and police commissioners, not, however, exceeding fifty
cents per hour; and section 119 is as follows: " Section
119. Exemption of Firemen from Military and Jury Duty.
The chief, assistant chief, and paid men of the said fire
department shall be exempt from military and jury duty
while in the service of the city, and the call men shall be
entitled to the same privileges and exemptions as are
accorded by the laws of this state to volunteer firemen."

The plaintiff's intestate lost his life while discharging
his duties as one of the call men mentioned in the section
just quoted. This section, it will be observed, expressly
provides that the call men shall be entitled to the " same
privileges and exemptions " as are accorded by the laws
of the state to volunteer firemen, and was in force when
Hammond entered the service of the city by becoming one
of its call men. The small amount paid, in view of the
risks to be incurred, does not require that he should be
treated otherwise than as a volunteer fireman. A fair
construction of section 119 of the charter indicates a legis-
lative intent to give to the call firemen of the city of
Fulton every right, privilege and exemption accorded by
law to volunteer firemen. This view is strengthened by
the provisions of section 4 of the charter, to the effect that
the firemen of the villages of Fulton and Oswego Falls

shall have and retain all their rights and privileges in the same manner and in all respects as if the charter had not been enacted.

The answer to the question suggested depends upon the meaning to be given to the word " privileges " as used in the statute.   The common and ordinary meaning of such word is " A peculiar benefit or advantage; a right or immunity not enjoyed by others or by all." (*North River Steamboat Co.* v. *Livingston,* 1 Hopk. Ch. 170.)   It is a right peculiar to an individual or body. (*Ripley* v. *Knight,* 123 Mass. 515.)   It is frequently used in statutes synonymously with the word " rights " (*People ex rel. Fox* v. *Hayden,* 133 N. Y. 198) and that is the sense in which it is used in the section quoted.   When Hammond became one of the call men, and as such obligated to render service to the city, it knew of the provisions of the statute, as did he.   I think there was, therefore, read into his contract the provision of the statute providing for payment to him if injured of the sum specified or to his representatives in case of his death.   In the latter case it was in the nature of insurance — a part of the compensation agreed to be paid, and, therefore, did not come within the prohibition of the Constitution.   (Article 8, § 10; *Matter of Mahon* v. *Board of Education, N. Y.,* 171 N. Y. 263; *People ex rel. Waddy* v. *Partridge,* 172 N. Y. 305; *Mountain Timber Co.* v. *State of Washington,* 243 U. S. 219.)

It is urged, however, and with much force, by counsel for the city, that section 119 of the charter relates only to those privileges which existed when the city was incorporated in 1902; that the words "are accorded " relate to that time and not the future.   The contention in this respect, while plausible, seems to me unsound.   The General Construction Law (Laws of 1909, chap. 27, §§ 48, 110) provides that words in the present tense include the future, unless the general object of the statute, or the context of the language used, indicates that a different meaning is intended.   This court has held that where

a particular statute refers in general terms to the laws upon a given subject it will be regarded as including not only the laws then in effect, but also the laws subsequently enacted upon that subject. (*Harris* v. *White,* 81 N. Y. 532, 545.) A call fireman of the city of Fulton, at the time Hammond was killed, was not only entitled to the privileges which existed at the time the charter was enacted, but also to similar privileges thereafter given by the amendment of the General Municipal Law.

Finally it is claimed that under section 119 of the charter the privileges of volunteer firemen given to the call men are to themselves and not to their personal representatives. This is too technical a construction to place upon the section. In construing a statute the purpose of its enactment and the object sought to be accomplished by it must be kept in view, and when this section is read in connection with section 205 of the General Municipal Law, I do not think it susceptible to the construction claimed. The purpose of the statute was, in case a person became one of the call men, took the risks incident thereto, and was totally disabled while in the discharge of his duties, without fault on his part, to provide means for his support, or in case such injuries resulted in death, the payment of a specified amount to his personal representatives. The statute expressly provides for a payment to be made to those permanently disabled, and a construction which would have the effect of holding that the other provisions of the same section relating to representatives of deceased firemen did not apply, would be not only illogical, but contrary to what I think the legislature intended to accomplish.

The order appealed from, therefore, should be reversed, with costs in this court and the Appellate Division, and the determination of the County Court affirmed.

HISCOCK, Ch. J., HOGAN, POUND and ANDREWS, JJ., concur; CHASE and CUDDEBACK, JJ., dissent.

Order reversed, etc.