THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES C. CROPSEY and Others, Being and Constituting· the Justices of the Supreme Court of the State of New York for the Second Judicial District Residing in the County of Kings, Respondents, v. JOHN F. HYLAN and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Appellants.

First Department, December 12, 1921.

Municipal corporations — city of New York — board of estimate and apportionment cannot reduce amount requested by justices of Supreme Court of Second Judicial District in Kings county to cover salaries of court attendants and typewriter operators — appointment made and salaries fixed pursuant to Judiciary Law, § 161, subd. 3a, and § 168 — duty of board mandatory and continuing — mandamus — board may be compelled to put request in budget though total amount of budget would exceed amount allowed to be raised by general tax, where board still has power to reduce discretionary items.

The board of estimate and apportionment of the city of New York has no power to reduce the amount requested by the justices of the Supreme Court in the Second Judicial District in Kings county to cover salaries of court attendants appointed pursuant to section 168 of the Judiciary Law and of typewriter operators appointed pursuant to section 161, subdivision 3a, of the Judiciary Law, but it is their duty to provide in the budget for the amount requested.

It is the mandatory duty of the board of estimate and apportionment to provide in the budget for the salaries fixed by the said justices, and that duty remains a continuing one until performed, and mandamus is the appropriate remedy to compel performance.

It is no defense to the application for mandamus that if the board of estimate and apportionment had included the requests made by the relators in full in the budget proposed for adoption for the following year, it would have increased the amount above the maximum permitted by article 8, section 10, of the Constitution to be raised by general taxes, for this proceeding was instituted in October and at any time prior to the twenty-fifth day of December the said budget could have been revised by reducing amounts over which the board of estimate and apportionment had discretion sufficiently to keep the total within the constitutional limitation.

The mandamus order should require the board of estimate and apportionment not only to provide for the amounts requested by the relators, but should require them, if necessary, to keep the budget within the limitations prescribed by the Constitution by eliminating a corresponding amount from discretionary items.

APPEAL by the defendants, John F. Hylan and others, constituting the board of estimate and apportionment of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 31st day of October, 1921, granting a peremptory order of mandamus requiring them to alter and amend the proposed or tentative budget of the city for the year 1922 as prepared by them, and to revise and amend it to conform to the departmental request of the petitioners as justices of the Supreme Court elected in the Second Judicial District and residing in Kings county.

*William E. C. Mayer* of counsel [*John F. O'Brien* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the appellants.

*Charles J. McDermott*, for the respondents.

LAUGHLIN, J.:

Prior to the year 1921 the petitioners, pursuant to the provisions of section 168 of the Judiciary Law, as amended by chapter 826 of the Laws of 1913, appointed thirty-five court attendants, and in 1921 fixed the salary of each for the year 1922 at $2,500, and pursuant to the provisions of section 161, subdivision 3-a, of the Judiciary Law, as added by chapter 401 of the Laws of 1909, and amended by chapter 267 of the Laws of 1920, they appointed two typewriter operators, and fixed the salary of one for the year 1922 at $2,500 and of the other at $2,250. In the month of June, 1921, the petitioners by resolution duly adopted a budget or departmental request on the appellants for the year 1922, and therein fixed and provided for the salaries of the thirty-five court attendants and the two type-writer operators for the year 1922, as already stated, pursuant to section 226 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1917, chap. 258), and caused the same to be delivered to the secretary of the board of estimate and apportionment on the 12th day of July, 1921. Appellants, however, instead of adopting this part of the budget as presented by the petitioners, thereafter, on or prior to the 1st day of October, 1921, purporting to act in compliance with the provisions of said section 226 of the charter, prepared

a budget of the amounts estimated to be required for the next ensuing year, in which they provided for thirty-two only of the court attendants at a salary of $2,500, and provided for the other three at a salary of $2,000, and provided for only one typewriter operator at the salary as fixed by the petitioners, and for a salary of only $2,000 for the other, whose salary had been fixed by the petitioners at $2,250. The salaries as thus provided for by the appellants were the same as those fixed by the petitioners for said offices and positions for the year 1921. The total amount of the increases made by the petitioners in these salaries for 1922 aggregated $1,750, and such increases were made pursuant to an agreement between the petitioners and the three court attendants and the typewriter operator at the time they were originally appointed. An affidavit made by the secretary of the appellants read in opposition to the motion, shows that on the 10th of October, 1921, the appellants approved of and prepared for public discussion, pursuant to the provisions of said section 226 of the charter, a printed tentative budget for the year 1922, containing the salaries for these offices and positions as so reduced by them, and thereafter and on the twentieth of October prepared and filed with the secretary of the board the budget proposed for adoption for the year 1922, providing with respect to these salaries the same as in the tentative budget.

This proceeding was instituted by a verified petition dated the 26th of October, 1921, and an order to show cause thereon returnable the next day, and resulted in the order from which the appeal has been taken.

It is conceded that the offices and positions in question were duly created and that the salaries thereof were duly fixed by the petitioners pursuant to express authority of the Legislature contained in the statutes to which reference has been made, and that the statutory provisions gave appellants no authority or discretion with respect to the number of the offices or positions or the salaries thereof. This regrettable controversy evidently arose from the fact that the appellants were desirous that no salaries should be increased for the year 1922, and communicated their wishes to the petitioners who, having so promised to increase the salaries, were not at liberty to accede thereto.

Appellants contend at the the outset that, even if they had no discretion in the premises, and it was their mandatory duty to provide for these salaries as requested by petitioners, this proceeding was instituted too late in that it was instituted after they were precluded by the express provisions of section 226 from making any increases in the tentative or final budget. I deem it quite clear that it was the mandatory duty of the appellants to provide in the budget for these salaries as fixed by the petitioners, and remains their continuing duty until performed, and that mandamus is the appropriate remedy to compel performance. (*People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377; *Matter of Flaherty* v. *Craig,* 226 id. 76, 79; *People ex rel. Emerson* v. *Aldermen,* 65 Hun, 300.) Appellants rely on *People ex rel. Plancon* v. *Prendergast* (219 N. Y. 252) to support their opposition to the writ; but, as was clearly explained by the Court of Appeals in *People ex rel. O'Loughlin* v. *Prendergast* (*supra*) in that case the law did not make it the mandatory duty of the board of estimate and apportionment to provide an appropriation for the salaries of the subordinates appointed by the county clerk, for neither the number of such subordinates nor their compensation was prescribed by law; and it was, therefore, held that the board of estimate and apportionment could restrict the number of appointments and the amounts to be expended therefor by refusing to make an appropriation for unnecessary employees. Appellants also rely to some extent on *Matter of Emerson* v. *Buck* (230 N. Y. 380). There, however, the contention made on behalf of the board of education was that the council, which consisted of the mayor and four councilmen, was obliged to accept without change the budget of the board of education for the ensuing year with respect not only to the salaries of teachers theretofore employed, and who were entitled to have their contracts of employment renewed, but also *estimates of amounts* which the board of education deemed necessary for the employment from time to time during the ensuing year of additional teachers with whom no contracts had been made, and who had no vested right to be employed; and the court on a consideration of the statutory provisions, many of which were conflicting, concluded that the power of the board of education to employ teachers and fix their salaries should be construed as limited

First Department, December, 1921.          [Vol. 199

by the appropriation made therefor by the council. In the case at bar there are no conflicting statutory provisions, and it is plainly implied in section 226 that salaries fixed by law are to be provided for without change, for after the adoption of the budget by the board of estimate and apportionment, the board of aldermen is permitted to reduce any amount for which provision is made in the budget, with the express exception of those " fixed by law " and amounts for the payment of State taxes and the payment of interest and principal on city debts. The salaries in question had been fixed by law, and the court attendants are officers, while teachers are employees. Doubtless the typewriter operators are employees also, but with respect to them said section 161, subdivision 3a, of the Judiciary Law required that provision for their salaries be made in the tax levy for Kings county.

The appellants say that the budget adopted by them provides for the maximum amount permitted by article 8, section 10, of the State Constitution to be raised by general tax for the year 1922, and that they are required to adopt the budget on or before the twentieth of October and are prohibited by said section 226 from thereafter increasing any item. If it be true that the budget so adopted provides for the maximum amount that may be raised by the general tax in the county of Kings for the year *1922*, then, of course, appellants may not be compelled to increase the *gross amount* of the budget, for that might invalidate the entire tax levy. I am of opinion that, without jeopardizing the tax levy, the appellants may still be required to perform this statutory duty even on the assumption that the gross amount of the budget cannot be increased, for in preparing and adopting the budget it was their duty in the first instance to provide for salaries fixed by law and all other amounts fixed by law to be raised by the general tax for 1922, and that duty should have been performed before they made provisions for estimates of moneys not for fixed obligations but which they deemed necessary and with respect to the amount of which they were vested with discretion. It is still competent for the appellants to make reductions with respect to items or amounts resting in their discretion to the extent required to enable them to perform their mandatory duties. Said section 226 requires

that the budget shall be finally adopted both by the board of estimate and apportionment and by the board of aldermen as therein provided before the twenty-fifth of December. There is, therefore, ample time for its adoption in revised form without jeopardizing the tax levy. The order as granted requires the increase of the estimates contained in the budget with respect to the items in question, but in view of the contention made by the appellants it should go further and require them, if necessary, to keep the budget within the limitations prescribed by the Constitution, to eliminate a corresponding amount from discretionary items in the budget.

It follows that the order should be so modified and as modified affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to respondents. Settle order on notice.