In the Matter of the Application of GEORGE W. MARTIN and Others, Being and Constituting the Judges of the County Court of Kings County in the State of New York, Respondents, for a Peremptory Mandamus Order against JOHN F. HYLAN and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Appellants.

Second Department, May 8, 1925.

**Courts — attendants — mandamus by county judges of Kings county to compel board of estimate and apportionment of New York city to include in 1925 budget salaries for County Court attendants same as that for Supreme Court attendants — petitioners are proper parties — Judiciary Law, § 352, requires that attendants at County Court be paid same salaries as Supreme Court attendants.**

The county judges of the county of Kings may institute a proceeding for a peremptory mandamus order to compel the board of estimate and apportionment of the city of New York to include in the budget for 1925 sums sufficient to pay the attendants in the County Court of Kings county $2,700 a year each, the same as the attendants in the Supreme Court of Kings county receive; the proceeding should not be brought by the attendants themselves.

Section 352 of the Judiciary Law, which provides for the equalization of the salaries of attendants of the County Court of Kings county at the same amount per annum " as is now paid " to attendants of the Supreme Court in such county, provides for the equalization of salaries not only at the time the statute was enacted but for all future time or until the statute is changed.

APPEAL by the defendants, John F. Hylan and others, from a peremptory mandamus order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 9th day of January, 1925, granting the petitioners' application for a peremptory direction that said defendants, as the board of estimate and apportionment of the city of New York, shall forthwith revise, alter and amend the proposed or tentative budget of said city for the year 1925, as adopted by said board relative to certain Kings County Court attendants.

*George P. Nicholson, Corporation Counsel* [*Thomas W. A. Crowe* with him on the brief], for the appellants.

*Charles J. McDermott,* for the respondents.

Order unanimously affirmed on the opinion of Mr. Justice CROPSEY at Special Term, without costs. Motion to dismiss appeal denied.

Present — KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ.

The following is the opinion of the Special Term:

CROPSEY, J.:

But two points are urged against this application, which is to compel the board of estimate to include in the budget for 1925 sums sufficient to pay the attendants in the County Court of Kings county $2,700 a year each, the same as the attendants in the Supreme Court in Kings county receive.   (1) That the relators have no right to bring the proceeding; that it should be brought by the attendants.   This is not the law.   (*People ex rel. Cropsey* v. *Hylan,* 199 App. Div. 218; affd., 232 N. Y. 601; *People ex rel. O'Loughlin* v. *Prendergast,* 219 id. 377; *People ex rel. Smith* v. *Hylan,* N. Y. L. J. Dec. 26, 1924.)   (2) That the power to fix the salaries in question is in the board of aldermen and board of estimate.   The general provisions of the Greater New York charter* do not apply because there is a special statute covering the matter. (Judiciary Law, § 352.)*   That section reads: " The salaries of the attendants of the County Court of Kings county are hereby equalized and fixed at the same amount per annum as is now paid to attendants of the Supreme Court in such county.  *  *  *."  The contention of the city is that the word " now " limited the equalization to the salaries received by the Supreme Court attendants at the time the law was adopted.   But this is not the fair construction of this provision.   This section of the Judiciary Law came into it when that law was enacted in 1909, but it was taken from chapter 746 of the Laws of 1904.   This latter chapter was entitled " An act in relation to the equalization of the salaries of the attendants of the County Court of Kings County and of the Supreme Court in such county," and the body was in the same language as section 352 now carries.   From this it is evident the intent was to make the salaries of the attendants in the two courts equal not only then but always.   (See *Matter of Hammond* v. *City of Fulton,* 220 N. Y. 337, 342.)   The amendment of 1920 to section 352 applicable to the County Court in Bronx county was in identical language.   I think there can be no doubt that the attendants in the County Court of Kings county are entitled to the same salaries as attendants in the Supreme Court in that county.   It follows the motion should be granted, with fifty dollars costs.

---

* See Greater New York Charter (Laws of 1901, chap. 466), § 1583, as amd. by Laws of 1922, chap. 58; Judiciary Law, § 352, as amd. by Laws of 1920, chap. 816.— [REP.