Edward G-. Baker, J.
In this proceeding brought pursuant to article 78 of the Civil Practice Act, petitioners, former attendants in the County Court, Kings County, and effective September 4,1962 attendants in the Supreme Court, Kings County, seek an order requiring respondents as members of the Board of Estimate of the City of New York to amend the budget of the city for the fiscal year 1962/1963 so as to provide funds for the payment to each of said petitioners of compensation for that year at the rate fixed by resolution of the Board of Judges of the County Court of Kings County; and directing such payment by the appropriate city officials.
Petitioners maintain that the failure and refusal of respondents to provide funds and to pay petitioners’ salaries as fixed in the resolution of the Board of Judges and as specified in the budget estimate submitted by said board is unlawful.
In their answer, respondents deny certain material allegations of the petition and assert, by way of affirmative defense, that the mandatory power of the Judges to fix petitioners’ salaries which concededly, they once had (Judiciary Law, § 349; Moskowitz v. La Guardia, 183 Misc. 33, affd. 268 App. Div. 918) terminated prior to the effective date of the city’s annual budget; that, by virtue of the enactment of chapter 684 of the Laws of 1962 implementing article VI (§ 29, subd. [b]) of the Constitution *292 of the State of New York, said mandatory powers were transferred to the appropriating authorities who were to act upon the recommendation and comment of the Administrative Board under the supervision of the Appellate Divisions; that the budget requisitions submitted by the Judges on or about January 17, 1962 were a nullity and in no way binding upon the appropriating authorities; and finally, that subsequent to the submission of said budget requisitions, the Board of Judges, acting through its chairman, accepted a salary plan proposed by the Judicial Conference which plan modified and superseded the original budget request of the board.
There is no question that, as of January 17, 1962, the date of submission to the city authorities of their budget estimates, the Board of Judges of the County Court of Kings County had full power and authority, and, indeed, the duty pursuant to the equalization statute (Judiciary Law, § 349), to fix the compensation of petitioners for the fiscal year 1962/1963 at the same amount per annum as was to be paid to attendants in the Supreme Court, Kings County. That authority was exercised and that duty discharged by appropriate resolution of said board, and the salary of each of said petitioners for that fiscal year was fixed at $7,590 per annum.
By sections 42 and 55 of chapter 692 of the Laws of 1962, sections 201 and 349 of the Judiciary Law were repealed; but that act did not become effective until September 1, 1962. Clearly, as of January 17, 1962 and as of the effective date of the city’s budget for the fiscal year 1962/1963, the salary fixing power of the Board of Judges remained unimpaired.
Annexed to respondents’ answer and incorporated therein by reference is a letter dated July 13,1962 addressed to the Presiding Justice of the Appellate Division, Second Department by the Chairman of the Board of Judges of the Kings County Court. Respondents contend that this letter is evidence of the fact that the Board of Judges acquiesced “in the promulgation and effectuation of the formula [salary plan] proposed by the Appellate Division and Administrative Board under their new powers to fix salaries ’ ’ and that their acceptance ‘ ‘ completely negated their prior [budget] requests ’ ’. I cannot agree. The opening paragraph of the said letter reads as follows: “In adopting a resolution fixing the salaries of our employees as required by the New York City 'Charter, we informed the Budget Director that all requests submitted last December would be modified by amendment of our resolution to conform with any agreement made with the Appellate Division ”. Assuming, arguendo, the right and power of the Board of Judges to disregard the plain *293 mandate of the equalization statute, there is nothing before this court to indicate that the power was ever exercised by them. The concluding paragraph of the letter above referred to reads: ‘ ‘ I am, however, taking no further action unless you request me to make an adjustment with the Budget Director.” It thus appears that as of July 13,1962, the date of said letter, and subsequent to the effective date of the city budget for 1962/1963, the resolution of the Board of Judges had not been rescinded, amended or modified; and no ‘ ‘ adjustment with the Budget director ” had been made as of that date.
Nothing contained in chapter 684 of the Laws of 1962 requires or permits the conclusion that the mandatory power of the Judges to fix petitioners’ salaries terminated prior to the effective date of the annual budget of the city for the fiscal year 1962/1963. Those provisions of chapter 684 (Judiciary Law, art. 7-A) which prescribed the administrative powers and duties of the Appellate Divisions (§ 214), their additional powers and duties (§ 216); which provided for the establishment of the Administrative Board (§ 210), and prescribed its functions (§ 212), became effective September 1, 1962. Section 4 of the act which vested in the Administrative Board and the Appellate Divisions certain preliminary powers became effective April 24, 1962. That section empowers those agencies to do any act that may be necessary to the end that the unified court system, and the courts in the respective departments may be ready to transact business, and to function on September 1, 1962 (§ 4, subds. 1, 2). The grant of specific powers to the Administrative Board (§ 4, subd. 3) and to the Appellate Divisions (§ 4, subd. 4) was obviously designed to permit the promulgation by those agencies of rules and standards, or of changes in existing rules and standards, and to take other steps required to enable the unified court systems to function on September 1, 1962. Fixation of a lower wage scale for civil service employees already on the payroll at salaries fixed and required to be paid in accordance with law was not necessary to enable the courts to function as a unified system. Section 4 vests no power in the Administrative Board or in the Appellate Divisions to fix salaries of court attendants, or to deprive them of the right to salaries previously fixed by the Board of Judges, pursuant to statutory mandate. Had it been the legislative intent to confer such power, that intent could, and would have been clearly and unequivocally expressed.
The affirmative defense is adjudged insufficient in law. Upon the issues raised by the denials contained in respondents’ answer to the petition, counsel will arrange with the court for a hearing.