In the Matter of NATHANIEL I. STICH et al., Respondents-Appellants, *v.* ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, et al., Appellants-Respondents.

Third Department, May 16, 1963.

Leo A. Larkin, Corporation Counsel (Seymour B. Quel, Alfred Weinstein and Irwin L. Herzog of counsel), for appellants-respondents.

Paul, Weiss, Rifkind, Wharton & Garrison (Martin Kleinbard and Jay Greenfield of counsel), for respondents-appellants.

Murray A. Gordon for Supreme and Surrogate's Court Attaches Association, amicus curiæ.

Per Curiam. This is an appeal in an article 78 proceeding wherein Special Term determined, among other things, that petitioners were entitled to certain pay increases and directed the respondent Board of Estimate of the City of New York to adjust the salaries accordingly to all of the petitioners who had signed their salary checks "under protest".

The petitioners are Supreme Court stenographers within the First Department of the Appellate Division and in Kings County in the Second Judicial District of the Second Department of the Appellate Division. They receive an annual salary pursuant to section 306 of the Judiciary Law while Supreme Court stenographers in the remaining judicial districts are paid pursuant to other sections of the law. Petitioners contend that they are entitled to this salary increase pursuant to chapter 492 of the Laws of 1961 and section 115 of the Civil Service Law. They claim compensation from the effective date, May 4, 1961, even though, in some instances, salary checks were cashed contrary

to the provisions of subdivision b of section 93c–2.0 of the New York City Administrative Code.

The pertinent parts of the sections of the law follow: section 1 of chapter 492 of the Laws of 1961 states: "The provisions of this act shall apply to all officers or employees of the judiciary". Section 3 provides for additions to salaries of such State employees and section 6 authorizes the Comptroller to pay the additional compensation from funds appropriated from the State Treasury.

Section 115 of the Civil Service Law, insofar as it is relevant, states: "[I]t is hereby declared to be the policy of the state to provide equal pay for equal work".

Subdivision b of section 93c–2.0 of the Administrative Code provides that employees paid by the city shall have no recovery against the city for wages or salary for the payroll period covered by a cashed check unless it is noted thereon that it is cashed under protest.

There is no question that the broad sweep of chapter 492 includes the petitioners. In fact respondents do not deny that petitioners are officers or employees of the judiciary but state: "[W]e do not assert that because a stenographer is city-paid, he is not a 'state officer or employee'. We assume he is."

The main question raised by the city is whether it is liable for these increases. The city argues that because section 6 calls for payment of increases by the State Comptroller that chapter 492 was meant to apply only to State-paid stenographers. We disagree and construe section 6 to apply only in those instances when payment is initially made from State funds (*Matter of Donnellan* v. *O'Dwyer,* 189 Misc. 121, 127). In fact, a review of the statutory procedure for the payment of Supreme Court stenographers points up the weakness of the city's argument and also indicates that this statute imposes no greater burden upon New York City than upon any other county in the State. All stenographers in the State are paid directly by New York City (Judiciary Law, § 306, subd. 1), or directly by the county in which the Supreme Court sits (Judiciary Law, § 315, subd. 1), or indirectly by the county via a "charge-back" arrangement (Judiciary Law, §§ 312, 159). Therefore, if chapter 492 was meant to apply only to stenographers paid by the State it would apply to *none* rather than to "*all* officers or employees of the judiciary" (italics supplied) as directed by its section 1.

Although petitioners are covered by chapter 492 of the Laws of 1961, those who did not sign their checks "under protest" pursuant to subdivision b of section 93c–2.0 of the Administrative Code of the City of New York are not entitled to any arrears.

Petitioners argue that this enactment by the city (Local Laws, 1954, No. 117 of the City of New York) is ineffective because it limits or conditions rights granted by the State and is thus inconsistent with and violates section 12 of article IX of the State Constitution. However, we find no inconsistency and determine that subdivision b of section 93c–2.0 merely establishes a procedure for the presentation and discharge of claims against the city.

This furthers the public policy of the State in having an employee of the city promptly assert his claim for salary so that the city may properly order its finances and, in the present case, the Board of Estimate could provide for the contingency of a pay increase (*Mercury Mach. Imp. Corp.* v. *City of New York*, 3 N Y 2d 418, 426; *Quayle* v. *City of New York*, 278 N. Y. 19, 24).

Although we have determined that petitioners are entitled to salary increases, section 3 of chapter 492 of the Laws of 1961 provides that the increase may be withheld by the petitioners' '' appropriate appointing authority ''. The appointing authorities here are the Judges of the Appellate Division, First Department and the Supreme Court Judges of the Second Judicial District (Judiciary Law, § 104; § 306, subd. 1; § 159, subd. 1; § 315, subd. 1). As the salaries of petitioners are fixed by these authorities (Judiciary Law, § 306, subd. 1; § 315, subd. 1) this court may not unqualifiedly direct the Board of Estimate of the City of New York to pay the increases, for that body has no authority to increase or decrease the salaries of petitioners (*People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218, affd. 232 N. Y. 601). Thus, the appellant Board of Estimate must adjust the salaries of petitioners and pay the increases only upon order or certification to that effect by petitioners' appropriate appointing authorities.

The affirmance of the order of Special Term of the directions to officers of the City of New York therein contained is not to be regarded as any limitation upon the right of the appropriate appointing authorities to withhold in whole or in part such increase in compensation in pursuance of section 3 of the statute.

The order should be affirmed, without costs.

BERGAN, P. J., GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, without costs. Settle order on notice.