■ In the Matter of JOHN DREHER et al., Respondents, v. ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, et al., Appellants.— Order affirmed, with $10 costs, on the authority of *Alweis* v. *Wagner* (20 A D 2d 274). Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur. [38 Misc 2d 290.]

## FOURTH DEPARTMENT, FEBRUARY, 1964

## (February 20, 1964)

■ JESSE D. ROCCO, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent. JESSE A. ROCCO, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent. JESSE A. ROCCO, Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Order unanimously affirmed, without costs of this appeal to any party. Memorandum: We affirm solely upon the ground that the Coroner was authorized to perform the autopsy. (See Public Health Law, § 4143; Vehicle and Traffic Law, § 603.) (Appeal from an order of Oneida Special Term denying plaintiff's motion in each action to suppress from the trial certain evidence obtained from an alleged unauthorized autopsy performed on plaintiff's deceased husband or directing that a hearing be held in advance of trial to determine the legality of such evidence.) Present — Williams, P. J., Bastow, Henry and Noonan, JJ. [38 Misc 2d 311.]

■ In the Matter of MELVIN H. BAUMHOFER, Respondent, v. CHARLES ULLRICH et al., Constituting the Board of Appeals of the Village of Youngstown, Appellants.— Order unanimously reversed, without costs of this appeal to any party, petition dismissed, and determination of the Board of Appeals confirmed. Memorandum: Petitioner's predecessor in title owned a lot in a residential use district with a frontage of 178.04 feet. The zoning ordinance provided that in such district, "no lot in the future shall be less than the minimum frontage width of 60 feet" and listed the permitted uses. After conveying 138.4 feet of said frontage a 40-foot substandard lot was created for which an area variance is sought for a prohibited use. The Board of Appeals was therefore justified in denying the variance upon the ground that the practical difficulty was self-created. (*Matter of Fina Homes* v. *Young*, 7 N Y 2d 845; *Matter of Chasanoff* v. *Silberstein*, 6 A D 2d 872, affd. 6 N Y 2d 807.) Since there was adequate evidence to support the board's determination, which was not arbitrary, capricious, or illegal, that determination should not have been disturbed. (*People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 400.) The holding in *Matter of Gapinski* v. *Zoning Bd. of Appeals* (3 A D 2d 976) is not applicable when the landowner creates a substandard lot in violation of an existing ordinance. (Appeal from order of Niagara Special Term, denying motion to dismiss petition and reaffirming the order reversing the determination of respondents which granted the petitioner a variance.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.

■ JOSEPH C. GIMBRONE, Respondent, v. FAGO BROS. CONTRACTING Co., INC., Defendant-Appellant and Third-Party Plaintiff. WAYNE W. HUTCHISON et al., Third-Party Defendants.— Judgment and order affirmed.