Nathaniel T. Helman, J.
This is a proceeding pursuant to article 78 CPLR. The petitioners are former Bronx County Court Attendants who seek equalization of their salaries with Supreme Court Attendants, and retroactive back pay in varying amounts. By separate application the respondents move to dismiss the petition for legal insufficiency. Section 349 of the Judiciary Law in effect on July 30, 1962 provided that the salaries of attendants in the Bronx County Court “ are hereby equalized and fixed at the same amount per annum as is now paid to attendants of the supreme court in such county ’ ’. It is not disputed that on July 1, 1962 petitioners’ annual salary was $7,500 while that of Supreme Court Attendants was $7,605.
*522 Formerly the Judges of the County Court had the power to equalize the .salaries in accordance with the statute (Matter of Martin v. Hylan, 213 App. Div. 519; Matter of Moskowitz v. La Guardia, 183 Misc. 33, affd. 268 App. Div. 918, affd. 294 N. Y. 830). The County Court was abolished and section 349 was repealed as of September 1, 1962. The status and rights of Comity Court Attendants, granted to them by the statute remained unimpaired. By amendment to article VI of the Constitution, the functions and personnel of the County Courts were transferred to the Supreme Court. Subdivision 1 of section 35 provided that the nonjudicial personnel “.shall, to the extent practicable, be continued without diminution of salaries and with the same status and rights in the courts established or continued by this article ”. On the same date that subdivision 1 of section 35 of article VI became effective, section 349 was repealed. The repeal was expressly designed to implement the provisions of the amended Constitution relating to the abolishment of the County Court (L. 1962, ch. 692, § 74). By these simultaneous enactments, the “ status and rights ” of the nonjudicial personnel including the County Court Attendants were preserved and continued without cessation in the newly organized court.
The preliminary reports of the commissions appointed to study and survey the courts with consolidation in view, show an intent to establish the principle of ‘ ‘ equal pay for equal work” (Fifth Annual Report of N. Y. Judicial Conference, 1960, p. 137). In its 1955 Report, the Temporary Commission on the Courts recognized (p. 18) as one of its problems “ the method of transition from our present system to a new one, so that present personnel will be properly and equitably integrated ”. In 1957, the commission proposed in a draft amendment to article VI of the Constitution, a section containing the same provision as the present subdivision 1 of section 35. It is evident from the continuous advocacy of a legal standard of salaries based upon the principle of “ equal pay for equal work ’ ’ that the framers of the amendments to article VI intended to retain in the Constitution the equalization clause of former section 349 of the Judiciary Law.
Respondents contend that recent decisions of the Court of Appeals in the Alweis and Dreher cases (infra) place the right to fix salaries in the City Board of Estimate exclusively and that neither the statute cited nor the constitutional provisions referred to authorize the present application. The rule enunciated by the Court of Appeals in Matter of Alweis v. Wagner (14 N Y 2d 923) and Matter of Dreher v. Wagner (38 Misc *523 2d 290, affd. 20 A D 2d 751, rev. 14 N Y 2d 926 on the authority of Matter of Alweis) is, not however, applicable to the determination of the present case. The basic question in those cases was whether mandamus was available where the statute authorizing the fixation of salaries by the Judges was superseded by a constitutional amendment vesting such power in the Board of Estimate. The court there stated “ Mandamus is usually deemed not available in arguable circumstances of legal right such as these. [Cases cited.] ” (p. 924).
There is no such “ arguable circumstances of legal right ” in the case on hand. The legal right of the County Court Attendants to salaries equal to their fellow officers in the Supreme Court was clearly defined in the Judiciary Law and retained in article VI of the Constitution. The Alweis and Dreher cases dealt with a legal right “ about to be terminated by the Constitution ”. Here the right was continued and strengthened by that document. There, a mere matter of administrative detail as to who or what agency had the authority to fix salaries was the subject of determination. Here, the question is presented whether petitioners have the right of salary equalization— purely as a right with no question of who should control its implementation. The main difference between the Alweis and Dreher cases and the case herein presented is that in those cases the right of the petitioners was arguable while here the petitioners possess a clear and undeniable right. The language of the statute and the Constitution, fortified by the expressed intention of the Legislature and the Commissions on the Courts to combine the nonjudicial personnel with status and rights preserved, sustains the claim of petitioners.
Mandamus is, therefore, a proper remedy to compel the enforcement of petitioners’ rights. CPLR 7802 (subd. [a]) defines as parties against whom mandamus will lie “ every court, tribunal, board * * * whose action may be affected by a proceeding under this article.”
Petitioners are entitled to the relief requested in their petition and the motion of respondents to dismiss the petition will be denied.