Matter of BRONX PARKWAY COMMISSION, Plaintiff, *v.* JOHN F. HYLAN and Others, Defendants.

Supreme Court, New York Special Term, December, 1922.

**Municipal corporations — constitutional law — city of New York required to furnish funds for the expenses of the Bronx parkway commission — mandamus.**

The Bronx parkway commission seeks a peremptory mandamus requiring the board of estimate of the city of New York to provide funds for the expenses of the commission. The proceedings are contested on the ground that the Bronx parkway legislation is unconstitutional, violating article VIII, section 10, article X, section 2, and article III, sections 26 and 27, of the State Constitution, and also on the ground that the approval to the proposal in 1913 was the result of mistake. In granting the applications for mandamus, *held*, that the legislative power is unlimited except as restrained by the Constitution and every act of the legislature is assumed to be in harmony with the Constitution unless the contrary clearly appears and, if two constructions be permissible, then the one making the act valid must be adopted; that the title of all the city's property, generally speaking, is vested in it in trust for public use, that is to say, for the purpose for which the property is acquired, and so long as the purposes of the trust are permissible, the individuality or identity of the trustee holding the legal title would seem comparatively unimportant; that while the title to all lands is to be taken in the name of the Bronx parkway commission in fee, the rights of the city to perform its lawful function of government within the boundaries of the parkway are not affected or abridged; that notwithstanding the home rule provisions of the Constitution, authority may be delegated to new officials created for a special purpose or with jurisdiction over a territory comprising parts or all of more than one governmental unit, where the exercise of their proper functions by the local officials are not interfered with; that a municipality which has co-operated for nearly ten years with other municipalities in a public project, upon which over $10,000,000 have been expended, cannot withdraw while the work is still incomplete on the ground that its representatives made a mistake of judgment in embarking in the enterprise; that if the commission has been extravagant, or if the project is costing more than the city authorities would feel justified in expending for such a purpose in the present condition of the municipal finances, the matter is one for legislative relief; that as the

50

city's duty to furnish the funds requested is mandatory, it is not even a defense to this proceeding that the budget has already reached its constitutional limit, for in that event it is the duty of the board of estimate to make readjustments in the items over which they have discretionary control.

MANDAMUS.

*Theodosius Stevens,* for Bronx Parkway Commission.

*Charles L. Craig (John P. O'Brien,* corporation counsel, and *William E. Mayo* with him on brief), for John F. Hylan and others.

MARSH, J. Two proceedings have been instituted by the Bronx parkway commission to obtain peremptory mandamus orders requiring the board of estimate of the city of New York to provide funds for the expenditures of the commission. Proceeding No. 1 relates to expenditures for improvement work in 1922 under section 16 of the act creating the commission (Laws of 1907, chap. 594, as amd.), and proceeding No. 2 relates to funds for the maintenance and operation expenses of the commission for the year 1923 under section 18 of the same act. The proceedings are defended on the ground that the Bronx parkway legislation is unconstitutional, violating article VIII, section 10; article X, section 2, and article III, sections 26 and 27, of the State Constitution, and also on the ground that the approval which the board of estimate gave to the Bronx parkway proposal in 1913 was the result of fraud and mistake. The same questions are presented in both proceedings. Time does not permit a review of the history of the legislation or a detailed analysis of its provisions, and I shall not attempt to do more in this memorandum than indicate briefly my reasons for holding that the legislation is constitutional and that the objections must be overruled. (1) Certain established rules of construction must always be observed in considering the constitutionality of legislative enactments, including the following: That the legislative power is unlimited except as restrained by the Constitution; that every act of the legislature is assumed to be in harmony with the Constitution, unless the contrary clearly appears, and that if two constructions be permissible, then the one making the act valid must be adopted. *Matter of McAneny* v. *Bd. of Estimate,* 232 N. Y. 377. (2) The objection that the Bronx river parkway is not a city purpose for which indebtedness may be lawfully incurred under article VIII, section 10, of the Constitution, I think is met by the answers given by the Court of Appeals to the same objection raised at the time of the construction of the Brooklyn bridge and of the acquisition of Pelham Bay parkway. Both of those projects involved the expenditure of money outside of the then limits of the city of New

York, but the geographical feature was held not to be an obstacle. *People ex rel. Murphy* v. *Kelly,* 76 N. Y. 475; *Matter Appl'n Mayor, etc., of City of N. Y.,* 99 id. 569. See, also, *Sweet* v. *City of Syracuse,* 129 N. Y. 316; *Matter of Town of Saratoga,* 160 App. Div. 60. The defendants seek to distinguish these cases on the ground that the fee of the property there acquired vested in the city. No reasoning is advanced to support this distinction. The title of all of the city's property, generally speaking, is vested in it in trust for public use; that is to say, for the purpose for which the property is acquired, and as long as the purposes of the trust are permissible, the individuality or identity of the trustee holding the legal title would seem comparatively unimportant. As a matter of fact, it appears from the opinion in *People ex rel. Murphy* v. *Kelly, supra,* that the title to the land acquired for the Brooklyn bridge was to be taken in the first instance by the bridge trustees. So in the present case, while the title of all lands is by section 10 of the act to be taken in the name of the Bronx parkway commission in fee, nothing in the act is to be taken or held to affect or abridge the right of the city to perform its lawful functions of government within the boundaries of the parkway. § 5, as amd. by Laws of 1922, chap. 604. If the parkway project as a whole can reasonably be deemed a city purpose, a discussion of the comparative value of particular roadways and similar improvements is, I think, outside of the scope of the general question of constitutionality. (3) The legislation is further attacked as violating the home rule provisions (Art. X, § 2), and also sections 26 and 27 of article III of the State Constitution, because it vests control of the parkway in a special state commission, upon which powers of local legislation are conferred. Both branches of this argument are answered, in my opinion, by *Matter of McAneny* v. *Bd. of Estimate, supra,* and *People ex rel. Met. St. Ry. Co.* v. *Tax Com.,* 174 N. Y. 417, 445. These cases show that authority may be delegated to new officials created for a special purpose or with jurisdiction over a territory comprising parts or all of more than one governmental unit, where the exercise of their proper functions by the local officials is not interfered with. See, also, *People ex rel. Wood* v. *Draper,* 15 N. Y. 532; *Board of Health* v. *Heister,* 37 id. 661. The argument on behalf of defendants attacks especially the amendment to the law made by chapter 604 of the Laws of 1922. As already stated, however, that amendment expressly preserves the rights of the city to perform its lawful functions. Moreover, it may be observed that even if this amendment were unconstitutional the validity of the prior act would not be affected. *Standard Engraving Co., Inc.,* v. *Volz,* 200 App. Div. 758; *Buffalo Gravel Corp.* v. *Moore,*

201 id. 242. (4) The Bronx parkway project was not forced upon the city without its consent. Section 19 of the original act required the approval of the board of estimate to the acquisition of the land before any expenditures might be incurred, and this approval was not given until 1913, after various members and committees of the board had held the matter under investigation and advisement for a number of years and had secured an amendment to the act, making it possible to exclude a portion of the land to meet their views. It is now very late to raise the objection that the approval was given through a misunderstanding of the exact situation. The existence of the Bronx valley sewer commission was a matter of law of which the city officials were bound to take cognizance, and the enactment of the statute creating that commission, as well as its amendments, clearly put upon them the duty of inquiry as to the plans for and progress of work upon the sewer. Accepting all that is urged on the city's behalf in regard to the alleged ignorance of the then members of the board of estimate, it is difficult to see how the Bronx parkway commission were under any special duty to enlighten them. It is impossible to conceive, however, that the board at that time did not give as much attention to this feature of the scheme as they believed its importance demanded. I am referred to no authority sustaining the proposition that a municipality which has co-operated for nearly ten years with other municipalities in a public project, upon which over $10,000,000 have been expended, can withdraw while the work is still incomplete on the ground that its representatives made a mistake of judgment in embarking on the enterprise. (5) Criticism, whether warranted or not, of the manner in which the funds hitherto appropriated have been expended by the commission affords no legal excuse to the city for its failure to perform obligations which it has accepted. " The purpose of the commission in asking for the appropriation or to what use the money appropriated is to be put does not concern the board." *Matter of McAneny* v. *Bd. of Estimate, supra,* p. 386. If the commission has been extravagant, or if the project is costing more than the city authorities would feel justified in expending for such a purpose in the present condition of the municipal finances, the matter is one for legislative relief. The court has no alternative under the existing statute. *People ex rel. O'Laughlin* v. *Prendergast,* 219 N. Y. 377. (6) The city's duty to furnish the funds requested being mandatory, it is not even a defense to this proceeding that the budget has already reached its constitutional limit. In that event it is the duty of the board of estimate to make readjustments in the items over which they have discretionary control. *People ex rel. Cropsey* v. *Hylan,* 199 App. Div. 218; affd.,

232 N. Y. 601; *People ex rel. Eidt* v. *Hylan,* 199 App. Div. 965; affd., 232 N. Y. 602.   Not even the recently discovered liability to make refunds for illegally collected bank taxes can defeat the rights of the petitioner.   Applications for mandamus granted.

Ordered accordingly.