protection. The allegations in the defense contained in the answer are sufficient to sustain the legal theory of that defense. In answer to the city's contention that the National Surety Company could have paid the judgment after the granting of the injunction, it is obvious it could not then have sought reimbursement from the railroad company since the collection of such judgment was then prohibited by injunction, and its remedy of subrogation against the original debtor would have been of no value while the injunction persisted. A debt actually uncollectible by the creditor does not make through a payment by the surety a right to immediate reimbursement to the surety from the debtor. It cannot seek the reimbursement until the debt is collectible. Under all these considerations I think the defense pleaded, if established, would give the surety a release from its undertaking, and, therefore, the motion to strike it out should have been denied. The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Smith, J., concurs.

---

In the Matter of the Application of BRONX PARKWAY COMMISSION, Respondent, for a Peremptory Mandamus Order against JOHN F. HYLAN and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Appellants. (Proceeding No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Page, Merrell and Finch, JJ.; Dowling and Page, JJ., dissenting.

In the Matter of the Application of BRONX PARKWAY COMMISSION, Respondent, for a Peremptory Mandamus Order against JOHN F. HYLAN and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Appellants. (Proceeding No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Page, Merrell and Finch, JJ.; Dowling and Page, JJ., dissenting.

HILLMAN COAL AND COKE COMPANY, Respondent, v. INTERNATIONAL FREIGHTING CORPORATION, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Smith, Finch and McAvoy, JJ.

DOMENICO MARRO, as Executor, etc., of CARMINE MARRO, Deceased, Respondent, v. DEXTER FOLDER COMPANY, Appellant.— Judgment and order reversed and new trial ordered, with costs to appellant to abide the event, unless plaintiff consents to reduce the judgment as entered to the sum of $7,090.40; in which event the judgment as so modified and the order appealed from are affirmed, without costs. No opinion. Settle order on notice. Present — Clarke, P. J., Dowling, Smith, Finch and McAvoy, JJ.

RIVKE GORDON, Respondent, v. CONGREGATION OHEL MOSHE CHEVRA THILIM, OF 146 TOMPKINS AVENUE, a Domestic Religious Corporation, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Smith, Finch and McAvoy, JJ.

MARGARET CALLAGHAN, Appellant, v. EDWARD F. MORAN, as Executor, etc., of ELLEN CONNOR, Deceased, Respondent, Impleaded in Place of HARLEM SAVINGS BANK.— Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Smith, Finch and McAvoy, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY TOUYE,