342

In the Matter of GULF OIL CORPORATION, Appellant, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

Argued June 1, 1954; decided July 14, 1954.

*Matthew S. Gibson* for appellant. I. The New York City gross receipts tax laws here in question impose a tax for the privilege of doing interstate business in New York City. The tax laws here impose a tax which is wholly independent of, and in addition to, all ordinary property taxes, corporate franchise taxes, and other license fees and taxes paid and payable by the

petitioner. (*Matter of Carter & Weekes Stevedoring Co.* v. *McGoldrick,* 294 N. Y. 906, 330 U. S. 422; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Texas,* 210 U. S. 217.) II. Said municipal gross receipts tax laws, as applied herein to petitioner's gross receipts derived from its sales of goods for shipment and delivery from New York City to customers of petitioner in other States and so shipped and delivered, are invalid because repugnant to the United States Constitution, in that, as here applied, they impose a prohibited local tax (1) upon gross receipts derived from, and (2) upon, and (3) for the privilege of engaging in, interstate commerce and thus constitute a prohibited and invalid regulation of interstate commerce. (*Oklahoma* v. *Wells, Fargo & Co.,* 223 U. S. 298; *Matter of Carter & Weekes Stevedoring Co.* v. *McGoldrick,* 269 App. Div. 685; *Puget Sound Co.* v. *Tax Comm.,* 302 U. S. 90; *Memphis Steam Laundry* v. *Stone,* 342 U. S. 389; *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321; *Freeman* v. *Hewit,* 329 U. S. 249; *Adams Mfg. Co.* v. *Storen,* 304 U. S. 307; *Reading R. R. Co.* v. *Pennsylvania,* 15 Wall. [U. S.] 232; *Interstate Oil Pipe Line Co.* v. *Stone,* 337 U. S. 662; *Ratterman* v. *Western Union Tel. Co.,* 127 U. S. 411; *Matter of Olive Coat Co.* v. *McGoldrick,* 287 N. Y. 769. III. These local privilege tax laws, as applied here to such interstate gross receipts, are invalid because if upheld they would constitute a potential discrimination against interstate commerce by subjecting gross receipts therefrom to the risk, merely because the goods are shipped across State lines, of multiple taxation by means of taxes imposed on these same receipts by the other States where the taxpayer also does business. Such potential discrimination is a regulation of interstate commerce in conflict with the exclusive and plenary power to regulate same granted to Congress by the United States Constitution. (*Freeman* v. *Hewit,* 329 U. S. 249; *McGoldrick* v. *Berwind-White Co.,* 309 U. S. 33; *Norton Co.* v. *Department of Revenue,* 340 U. S. 534.) IV. The only proper '' apportionment '' of the petitioner's gross receipts for the purposes of this local gross receipts tax is between those receipts derived from local intrastate sales and those derived from the kind of interstate sales involved in this proceeding. (*Heyman* v. *Hays,* 236 U. S. 178; *Crew Levick Co.* v. *Pennsylvania,* 245 U. S. 292; *McLeod* v. *Dilworth Co.,* 322 U. S. 327; *Nippert* v. *Richmond,* 327 U. S.

416; *Memphis Steam Laundry* v. *Stone,* 342 U. S. 389.) V. The fact that this gross receipts privilege tax happens to be imposed by these laws at a lower rate upon gross receipts from interstate sales than upon gross receipts from intrastate sales is immaterial and does not prevent the tax laws here from being contrary to the commerce clause of the United States Constitution when applied to gross receipts from interstate sales. VI. These laws are invalid because they arbitrarily tax from one third to two thirds of these interstate gross receipts at the full rate, which is the same as taxing all of such interstate receipts at rates ranging from one third to two thirds of the full tax rate. Thus these laws necessarily reach out across State lines and subject to taxation gross receipts produced by activities occurring outside of the State of New York. In that aspect these local tax laws amount to violations of the '' due process '' clause of the Fourteenth Amendment of the Constitution of the United States because there are no political restraints that can be exercised outside of the State of New York in the States of origin or in the States of ultimate destination and consumption of such goods for the purpose of imposing, removing, or controlling in any way this New York City tax burden upon gross receipts derived from activities carried on in such other States. (*McGoldrick* v. *Berwind-White Co.,* 309 U. S. 33; *Butler Bros.* v. *McColgan,* 315 U. S. 501; *Hans Rees' Sons* v. *North Carolina,* 283 U. S. 135; *Frick* v. *Pennsylvania,* 268 U. S. 473.) VII. Under these laws, as applied, '' New York City manufacturers '' never have to pay this tax upon more than one third of their interstate sales receipts and are subject to no minimum taxable percentage of such receipts, whereas those not qualifying as '' New York City manufacturers '' are required to pay the full tax on from one third to two thirds of such interstate sales receipts, such discrimination rendering these laws repugnant to the commerce clause of the Federal Constitution and to the '' equal protection of the laws '' clause of section 1 of the Fourteenth Amendment of the United States Constitution. (*Memphis Steam Laundry* v. *Stone,* 342 U. S. 389.)

*Adrian P. Burke, Corporation Counsel* (*Bernard H. Sherris* and *Stanley Buchsbaum* of counsel), for respondent. I. A tax for the privilege of doing business in New York City, imposed

on a company engaged in making both intrastate and interstate sales, may properly include in its measure a fairly apportioned part of the receipts from interstate sales. Here, in addition to local sales in vast amounts, the petitioner refined and stored within the city the oil products sold to out-of-State customers. (*Matter of Olive Coat Co.* v. *McGoldrick*, 261 App. Div. 1070, 287 N. Y. 769; *American Mfg. Co.* v. *St. Louis*, 250 U. S. 459; *Hump Hairpin Co.* v. *Emmerson*, 258 U. S. 290; *Western Cartridge Co.* v. *Emmerson*, 281 U. S. 511; *International Shoe Co.* v. *Shartel*, 279 U. S. 429; *Main* v. *Grand Trunk Ry. Co.*, 142 U. S. 217; *Western Live Stock* v. *Bureau*, 303 U. S. 250; *McGoldrick* v. *Berwind-White Co.*, 309 U. S. 33; *Adams Mfg. Co.* v. *Storen*, 304 U. S. 307; *Gwin, White & Prince* v. *Henneford*, 305 U. S. 434; *Spector Motor Service* v. *O'Connor*, 340 U. S. 602; *Interstate Oil Pipe Line Co.* v. *Stone*, 337 U. S. 662; *Canton R. Co.* v. *Rogan*, 340 U. S. 511; *Western Maryland Ry. Co.* v. *Rogan*, 340 U. S. 520.)   II. The allocation formula results in a fair and reasonable allocation of the receipts from sales to out-of-State customers as a base for measuring what is attributable to the doing of business in New York City.   (*Illinois Central R. R. Co.* v. *Minnesota*, 309 U. S. 157; *Harvester Co.* v. *Evatt*, 329 U. S. 416; *Butler Bros.* v. *McColgan*, 315 U. S. 501; *Ott* v. *Mississippi Valley Barge Line*, 336 U. S. 169; *Ford Motor Co.* v. *Beauchamp*, 308 U. S. 331.)   III. The availability of an alternative allocation formula applicable to manufacturers does not result in any discrimination against the petitioner.   The alternative allocation formula was equally available to the petitioner, but it failed to use that formula.   (*Underwood Typewriter Co.* v. *Chamberlain*, 254 U. S. 113; *Rapid Transit Corp.* v. *New York*, 303 U. S. 573; *Cook* v. *Marshall Co.*, 196 U. S. 261; *Southwestern Oil Co.* v. *Texas*, 217 U. S. 114; *Brown-Forman Co.* v. *Kentucky*, 217 U. S. 563; *Singer Sewing Mach. Co.* v. *Brickell*, 233 U. S. 304; *Alaska Fish Co.* v. *Smith*, 255 U. S. 44.)

*Per Curiam.*   In this article 78 proceeding petitioner, a foreign corporation, which carried on substantial local intracity and intrastate sales activities as well as interstate business, seeks an annulment of the final determination of the comptroller of the City of New York, denying its application

for a refund of gross receipts taxes paid during the years 1946 through 1949 for the privilege of doing business in the city (Administrative Code of City of New York, ch. 41, tit. RR; ch. 46, tit. B).

The Administrative Code of the City of New York provides in part that: "Where a receipt in its entirety cannot be subjected to the tax imposed by this title by reason of the provisions of the constitution of the United States * * * the comptroller shall establish rules and regulations and/or methods of allocation and evaluation to the end that only that part of such receipt which is properly attributable and allocable to the doing of business in the city shall be taxed hereunder." (Administrative Code, § RR41-2.0, subd. b; § B46-2.0, subd. b.)

Pursuant to the authority granted, the comptroller has promulgated certain rules and an allocation formula for determining, in a case where a gross receipt cannot in its entirety be subjected to the tax by reason of the Constitution of the United States, what portion is attributable and allocable to the doing of business within the city of New York. The formula adopted (Comptroller's Regulations, art. 211.-I) contains three factors:

(1) The property factor. (The percentage which the average value of real and tangible personal property within the city of New York bears to the total average value of real and personal property employed in business throughout the United States.)

(2) The wages and salaries factor. (The percentage which the wages, salaries and other personal service compensation paid in connection with business carried on in New York City bears to the total wages, salaries and other personal service compensation paid in connection with business carried on throughout the United States.)

(3) The receipts factor. (The percentage which the sum of the wholly taxable receipts plus one third of the allocable receipts bears to the sum of the wholly taxable receipts plus the entire allocable receipts.)

(It should be noted that under the formula this receipts factor can never work out to less than $33\frac{1}{3}\%$.)

The three percentages arrived at are then added together and divided by three to obtain the average of the three percentages. '' Where the resultant average of the three percentages exceeds 66⅔%, it shall be reduced to 66⅔% for the purpose of allocation. *Where the resultant average of the three percentages is less than 33⅓% it shall be increased to 33⅓% for the purpose of allocation.*'' (Comptroller's Regulations, art. 211.–I; emphasis supplied.)

In the present case for three of the four tax years involved the computations under the three-factor formula were 32.2%, 30.85% and 31.84%. Accordingly, those percentages were raised to meet the 33⅓% minimum.

The questions presented are: (1) whether in a case such as this where the taxpayer is engaged in both intrastate and interstate commerce the city may include in the measure of its gross receipts tax, imposed for the privilege of doing business in New York City, a share of the receipts from interstate sales which is properly attributable and allocable to the doing of business within the city; (2) whether the formula applied by the comptroller reasonably and lawfully measured the tax, and (3) whether the local law discriminates against petitioner in favor of those engaged solely in intrastate activities.

As to (1): In the case of *Matter of Olive Coat Co.* v. *McGoldrick* (261 App. Div. 1070, affd. without opinion 287 N. Y. 769), we answered that question in the affirmative, and the United States Supreme Court decisions since that time are to the same effect (see, e.g., *Spector Motor Service* v. *O'Connor,* 340 U. S. 602, 609–610; *Interstate Oil Pipe Line Co.* v. *Stone,* 337 U. S. 662, 667–669).

As to (2): In the *Olive Coat Co.* case (*supra*), we held that each of the three factors contained in the formula certainly has some degree of relation to the play of local activity and investment in the acquisition of the total of allocable receipts and that in making an allocation rough approximation is all that is necessary (see *Illinois Central R. R. Co.* v. *Minnesota,* 309 U. S. 157, 161; *Harvester Co.* v. *Evatt,* 329 U. S. 416, 422–423). There, however, the fraction was 55.75% and we were not called to pass upon the prescribed minimum of 33⅓%. Likewise, we did not there give consideration to the charge

that the receipts factor was weighted in the city's favor.  Here, we reach those questions and we hold that the comptroller in using such minimum figures acted arbitrarily and out of harmony with the declared legislative purpose of taxing only that part of the interstate receipts which is properly attributable and allocable to the doing of business in the city.  In setting up minimum figures no attempt at rough approximation or apportionment has been made by the comptroller.

As to (3): An unfair apportionment by one State could result in the risk of multiple taxation which would discriminate against petitioner as one engaged in interstate commerce.  A fair apportionment eliminates that risk and here the matter must be remitted to the comptroller for the purpose of making such an apportionment.

There is no merit in the argument that petitioner had its remedy in an alternative formula pursuant to article 210 of the Comptroller's Regulations, for the availability of an alternative method of allocation, which may not be arbitrary, cannot save the formula which has in fact been used and which is arbitrary.

We pass upon no other question.

The order of the Appellate Division should be reversed and the matter remitted to the comptroller for further proceedings not inconsistent with this opinion.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur.

Order reversed, etc.