In the Matter of McCALL CORPORATION, Petitioner, against LAWRENCE E. GEROSA, as Comptroller of the City of New York, Respondent.

First Department, October 23, 1956.

*J. Bay Robinson* of counsel (*Robert E. Coulson* and *Ansley Kime* with him on the brief; *Whitman, Ransom & Coulson,* attorneys), for petitioner.

*Morris L. Heath* of counsel (*Stanley Buchsbaum* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondent.

FRANK, J.   This is an article 78 proceeding instituted by petitioner, to review a final determination by the comptroller of the City of New York assessing an alleged deficiency against the taxpayer in the general business and financial tax. In a prior proceeding involving the same tax years, we remanded the matter to the comptroller for appropriate action in accordance with our decision (*Matter of McCall Corp.* v. *Joseph,* 284 App. Div. 484).

Thereafter, the comptroller held hearings at which the taxpayer submitted both oral and documentary proof. We find from the record that the comptroller has followed the formula prescribed in our prior determination and we further find that, with the exception of flat and interest penalties, the tax has been properly determined upon the basis of the available proof. We therefore confirm that portion of the award.

The imposition of penalties poses a different problem. Appearing to have been imposed at the maximum rate of 5%, plus 1% for each month of delay, the penalties total more than 60% of the entire sum assessed. The comptroller's final determination contains no statement or finding as to the basis or reason for the imposition of the penalties.

In almost identical language as the General City Law (art. 2-B, § 24-a, § 13, par. a) which authorized the tax here involved, the Administrative Code of the City of New York, in part, provides: " Penalties and interest. — a. Any person failing to file a return or to pay over any tax to the treasurer within the time required by this title shall be subject to a penalty of five percentum of the amount of tax due, plus interest at the rate of one percentum of such tax 'for each month of delay or fraction thereof excepting the first month, * * * *but the comptroller, if satisfied that the delay was excusable, may remit all or any part of such penalty,* but not interest at the rate of six percentum per annum." (Administrative Code, §§ R41–14.0, RR41–14.0; emphasis supplied.)

In addition, the Administrative Code (§ RR41–11.0) provides: " General powers of the comptroller.—In addition to the powers granted to the comptroller in this title, he is hereby authorized and empowered:

* * *

" 3. To extend, for cause shown, the time for filing any return * * * and, in his discretion, to remit penalties but not interest at the rate of six per cent per annum; and to compromise disputed claims in connection with the taxes hereby imposed ".

It is thus evident that the comptroller may remit penalties, other than simple interest, if he is " satisfied that the delay was excusable " and under the broad general powers given him he may " in his discretion, [to] remit penalties ".

With respect to the problem posed, it will suffice to point out that some features of petitioner's business involved interstate commerce and activities in other cities and States. The local laws, adopted when the General City Law empowered the municipality to impose the tax, directed the comptroller to adopt rules and regulations to allocate the tax imposed with respect to enterprises not fully taxable because of constitutional or other statutory provisions. Pursuant to such direction, the comptroller promulgated article 231 of the rules and regulations which was designed to provide an allocation formula based on the sale of advertising space in newspapers, magazines and periodicals. When the matter was before this court initially, we held, in substance, that the formula was too broad and required a further refinement of it. Thereafter, the regulations were revised in compliance with our direction and consequently the assessment originally imposed was substantially reduced. No more need be said to demonstrate that there was merit to the petitioner's initial resistance.

In *Matter of New York World-Telegram Corp.* v. *McGoldrick* (272 App. Div. 806, revd. 298 N. Y. 11), we confirmed the comptroller's tax determination including penalties, without opinion. Directing our attention to the cited case, the city contends that it is authority for the proposition that the remission of the penalties " lies exclusively within the discretion of the Comptroller. Hence, there is no basis for the intercession of the Court to modify the Comptroller's exercise of his discretion " (*Matter of New York World-Telegram Corp.* v. *McGoldrick*, 272 App. Div. 806, *supra*, Respondent's Brief, p. 40). We do not so construe it. In the *World-Telegram* case, for example, it appears that no remission of penalties was requested. That is not the situation here. The petitioner did seek a remission of the penalties and protested at the hearing with respect thereto, but the question was deferred. Moreover, it may well be that the facts in the cited case demonstrated that the comptroller properly exercised his discretion.

While the courts have not heretofore considered the precise problem, by analogous reasoning the rule appears to be that, absent express legislative prohibition, there is inherent power in the courts to review the exercise of discretion or the abuse thereof by an administrative agency performing a quasi-judicial function. It is "the duty of the courts to set at naught arbitrary and unfounded administrative holdings". (*Matter of Rumsey Mfg. Corp. [Corsi]*, 296 N. Y. 113, 118; see, also, *Matter of Guardian Life Ins. Co.* v. *Bohlinger*, 308 N. Y. 174, 183.)

In this case, however, we need not rely upon such inherent power since there is express statutory provision. The General City Law (art. 2-B, § 24-a, §§ 6, 7) provides that "the chief fiscal officer shall refund any tax, interest or penalty erroneously, illegally or unconstitutionally collected by or paid to him, under protest in writing", and that "The determination of the chief fiscal officer shall be reviewable for error, illegality, unconstitutionality *or any other reason whatsoever* by a proceeding under article seventy-eight". (Emphasis supplied.)

It is clear, therefore, pursuant to the General City Law and the Administrative Code, that the chief fiscal officer may in the exercise of his discretion, remit penalties imposed "if satisfied that the delay was excusable". Should he refuse to do so in a proper case, the aggrieved taxpayer, upon compliance with the preliminary requirements, may seek a review of the comptroller's determination in an article 78 proceeding. The court is required to determine upon review "Whether the respondent abused his discretion in imposing the * * * penalty * * * involved in the determination." (Civ. Prac. Act, § 1296, subd. 5-a.)

Where, as here, the taxpayer invokes the statutory right to review, the court can evaluate the propriety of the comptroller's determination only from the reasons he has given. If no basis for his rejection of the protest is stated, it not only prevents the taxpayer from initially deciding whether there is merit to his grievance, but impedes the court in its review. The court should not be required to speculate as to the reason for the administrative ruling. (See *Securities Comm.* v. *Chenery Corp.,* 332 U. S. 194; *Matter of Barry* v. *O'Connell,* 303 N. Y. 46.)

We do not hold here that the comptroller abused his discretion in refusing to remit any part or all of the penalties imposed. Upon the record, however, we cannot determine what consideration, if any, was given to the taxpayer's protest with respect thereto. If an appropriate protest is duly made, the taxpayer is entitled to be heard, and the comptroller should state the reason for his decision that the delay in payment was not excus-

able, if he does not remit the penalties upon his own initiative.

So much of the final determination as imposes penalties of 5% plus 1% per month for the delay in payment of the tax imposed should be annulled, and the matter remitted to the comptroller for the exercise of his discretion, in conformity with the directions herein contained. In all other respects the final determination should be confirmed.

BOTEIN, J. P., RABIN, COX and VALENTE, JJ., concur.

Final determination, insofar as it imposes penalties of 5% plus 1% per month for the delay in payment of the tax imposed, unanimously annulled, and the matter is remitted to the comptroller for the exercise of his discretion in conformity with the directions contained in the opinion herein and, in other respects, confirmed. Settle order on notice.