Bergan, J.
Petitioner is a Delaware corporation with a principal office in Cincinnati, Ohio, and operates 42 retail and specialty stores in 11 States. It owns three large department stores in New York City—an Abraham & Straus store in Brooklyn, the Bloomingdale’s store in Manhattan and the one in Queens. Some of the business done in the three New York City stores is interstate. Deliveries are made to customers in New Jersey and Connecticut on sales made in New York.
*323 In conformity with the authorization of section 24-a of the General City Law, the City of New York has enacted a General Business and Financial Tax Law which imposes an excise tax for the privilege of carrying on business in the city.
But since the city may not impose a tax on the entire interstate business done by a taxpayer (Adams Mfg. Co. v. Storen, 304 U. S. 307), the local law authorizes the Comptroller to prescribe a method of allocation of that portion of the interstate transactions which for local tax purposes are properly attributable to New York (Administrative Code of City of New York, § B46-2.0, subd. b). The Comptroller, with this purpose in view, has laid down a formula of apportionment (General Business and Financial Tax Regulations, art. 211, § I, ‘ ‘ Regular Allocation Formula ”).
An earlier method of allocation prescribed by the Comptroller was held invalid by this court in 1954 (Matter of Gulf Oil Corp. v. Joseph, 307 N. Y. 342). The basis for decision was that the method established a minimum of 33%% in attributing interstate business to city activity. This the court ruled improper, i.e., “ and we hold that the comptroller in using such minimn-m figures acted arbitrarily and out of harmony with the declared legislative purpose of taxing only that part of the interstate receipts which is properly attributable and allocable to the doing of business in the city ” (p. 349).
Following this decision the Comptroller undertook to devise a new formula of allocation. He eliminated the absolute minimum which the court had held invalid. He prescribed a rather complicated scheme of allocation which weighs into consideration the total property and total wages within and without the city deemed to have produced the interstate business; the amount of wholly taxable business (that done in intrastate transactions) ; the amount of wholly untaxed business (that done outside the State), and the allocable business (that done in interstate commerce emanating from the city).
As applied to the petitioner’s allocable interstate business emanating from New York City, this formula treats about 45% to 48% of the receipts from that business as taxable in New York in the years 1953 to 1959 which are the subject of the present article 78 proceeding to review the Comptroller’s determination.
*324 Petitioner vigorously attacks the formula and suggests that it is both unfair and unconstitutional. But when it is kept in mind that what the formula purports to do is to measure and apportion the share of the interstate business attributable to New York activity, its actual impact on this petitioner seems entirely reasonable.
Even interstate business “must pay its way” (Postal Tel-Cable Co. v. Richmond, 249 U. S. 252, 259). The ultimate test of local taxability is whether the tax attaches or not to activities “ carried on within the state ” (Gwin, White & Prince, Inc. v. Henneford, 305 U. S. 434, 439).
Any formula purporting to be general in application must use some artificial assumptions. Business enterprises differ greatly, and the activity in New York of a shoe manufacturing enterprise which manufactures in Virginia and sells in New York is different in the apportionment of its activity than a retail sales enterprise which does all the relevant selling in New York and is serviced in some managerial aspects in Ohio. The formula, however, must usually serve different kinds of enterprises. What the formula must offer is not perfection but a “rough approximation” of a just allocation (Illinois Cent. R. Co. v. Minnesota, 309 U. S. 157,161; Harvester Co. v. Evatt, 329 U. S. 416, 422-423).
Although the petitioner owns many department stores in other States, the contribution which these operations make to the sale of the three New York City stores of merchandise delivered to New Jersey and Connecticut is, so far as the record demonstrates, nil; and while the policy-making and accounting, and other related control procedures pursued in the main office at Cincinnati undoubtedly play some part in the interstate activity of the New York City stores, the part played is not shown to have large significance in a fair allocation of the basic activity which produced the sales.
Thus, when the net result of the application of the formula, complicated though it may be, to the actual operation of the petitioner’s activities in New York is that less than half of the allocable business attributed to sales made in New York resulting in out-of-iState shipments are regularly attributed to the New York activity, no unfairness is demonstrated. The business of retail sales is a thing closely related to the place where a *325 store is. When sales are made, even to a customer who comes in from New Jersey or Connecticut, an activity in large part traditionally local exists.
Heavy reliance is put by petitioner on General Motors v. District of Columbia (380 U. S. 553). But decision there turned entirely on a statutory construction of the District of Columbia Code which the court held did not authorize the challenged allocation. The court expressly noted it did not reach the constitutional problem (p. 555). The power of taxation on the local activities of large enterprises ought not to be viewed narrowly (Ford Motor Co. v. Beauchamp, 308 U. S. 331).
The petitioner’s attack on the formula of the Comptroller is essentially based on what could happen when it is applied under certain assumed situations, rather than on any unfair or unjust apportionment to the actualities of petitioner’s business or to the petitioner’s actual experience upon application of the formula. The argument of the city in this court that “ the petitioner is not making any direct assertion that the formula has resulted in attributing an excessive share of the interstate receipts to New York City” and that “ [i]t limits its attack to the nature of the formula, asserting that it is unusual in nature and contains arbitrary or unreasonable provisions ” is not adequately met by petitioner.
The formula by which a percentage of allocation of interstate business to city activity is calculated is laid out in the Comptroller’s regulations in this text:
“ (a) The Property Factor. A percentage is to be computed on the basis of a fraction.
“ The numerator is the value of so much of the property in the City as may be deemed attributable to producing the allocable receipts. It is arrived at by taking such proportion of the property in the City as the allocable receipts bear to the sum of the allocable and the wholly taxable receipts. This eliminates from the property factor the portion of the property within the City attributable to producing wholly taxable receipts.
“ The denominator is the value of so much of the property within and without the City as may be deemed attributable to producing the allocable receipts. It is arrived at by taking the sum of two figures. The first figure is the amount in the numerator. To this is added such proportion of the value of *326 the property outside the City as the allocable receipts bear to the sum of the allocable and the non-taxable receipts, thus eliminating from the property factor the portion of the property outside of the City attributable to non-taxable receipts.
“ (b) The Wages and Salaries Factor. A percentage is computed on the basis of a fraction arrived at by the same method as above, except that wages and salaries constitute the factor rather than property.
“(c) Add the above two percentages, divide by two, and multiply the allocable receipts by the result. Where the resultant average of the percentages exceeds 66%%, it shall be reduced to 66%% for the purpose of allocation. The product will be the portion of the allocable receipts to be included in the measure of the tax.”
Petitioner’s main argument for invalidity of this formula suggests that the tax tends to increase,as a taxpayer’s out-of-State and hence wholly nontaxable receipts increase when the relative amounts of property and wages are constant. If one carries through calculations required by the formula, keeping the property and wages at the same level, this can be seen to be borne out.
The city argues, however, that it would not normally be expected that such an actual situation would occur. In spite of this theoretical possibility under the formula, the city con-, tends that in its application to petitioner’s business it falls within the test laid down in Butler Bros. v. McColgan (315 U. S. 501, 506) as a method “ fairly calculated ” to assign to New York the proportion reasonably attributable to business done there.
By way of illustration the city observes that, if all of the out-of-State property of petitioner were an Ohio store which had $9,000,000 in receipts and the allocable (interstate) receipts of the New York stores were $1,000,000, the formula would assume that one tenth of the property and wages of the Ohio store were devoted to creating the New York, allocable receipts. If, with all wages and property unchanged, the Ohio store’s receipts were increased to $19,000,000 while the New York allocable receipts remained at $1,000,000, the formula would assume that only one twentieth of the Ohio wages and property had been devoted to creating the New York allocable receipts.
*327 “ As a result ”, argues the city, “ the New York City property and wages treated as creating the allocable receipts would become a larger proportion of the total property and wages treated as creating such receipts. * * * In a year when the New York City allocable receipts is a larger proportion of both types of receipts, the share of the Ohio property and wages attributed to the New York allocable receipts is greater. In a year when the New York City allocable receipts remain unchanged but the total of both types of receipts is increased because the Ohio sales have increased, the share of the Ohio property and wages attributable to the New York City allocable receipts necessarily decreases.”
Although the formula, which, as it has been noted, was written for many different types of businesses, treats the out-of-State property and wages as helping materially to create the New York allocable sales in a business such as petitioner’s, the part actually played by the out-of-State activity in the creation of the allocable sales could be quite insignificant. Thus the city contends that the actual application of the formula ‘ ‘ is overgenerous to a taxpayer in petitioner’s circumstances ’ ’.
Whether it is overgenerous or not, its application is not demonstrated to be unfair or to represent an unreasonable thrust on the interstate activities of petitioner. There could well be circumstances where the formula, mechanically applied, would operate unfairly and impose too heavy a burden on interstate activities. To some extent the 66%% ceiling built into the formula would tend to avoid this.
Theoretical calculations under the formula can be pursued where the influence of out-of-State investment, wages and sales activity would be unfairly thrown out of focus as related to New York transactions to east too heavy a burden on interstate activity. If such cases actually occur, the Comptroller has the power, and it would be his duty, to make adjustments which would keep the formula within a reasonable attribution to the local business activity in the city, by providing an alternative method of apportionment as article 210 of his published regulations allows. The petitioner has not demonstrated unfairness in the actual impact on it of the tax assessments of which it complains.
The order should be affirmed, with costs.