*328 Van Voorhis, J. (dissenting).
This appeal involves the validity of the allocation formula for the imposition of the New York City General Business and Financial Tax (a business privilege tax) on interstate sales — mostly to customers in New Jersey and Connecticut — made by Bloomingdale’s department stores in Manhattan and Queens and by Abraham & Straus in Brooklyn. These are 3 of the 42 retail and specialty stores in 11 States owned by appellant Federated Department Stores, Inc. The tax is imposed under rules and regulations made by the Comptroller authorized by subdivision b of section B46-2.0 of the New York City Administrative Code, which provides that where a receipt in its entirety cannot be subjected to this tax by reason of the provisions of the Constitution of the United States (or any other provision of law) only that part of such receipt which is properly attributable and allocable to the doing of business in the city shall be taxed thereunder. A previous formula adopted by the Comptroller, known as a Massachusetts-type formula, was invalidated in Matter of Gulf Oil Corp. v. Joseph (307 N. Y. 342), for the reason that in preparing it the Comptroller departed from the customary method of allocation by providing that if the resultant average taxable percentage “is less than 33%% it shall be increased to 33%% for the purpose of allocation.” The imposition of this minimum, without regard to whether it represented a fair allocation, was held to have been arbitrary and to subject the taxpayer to the risk of multiple taxation by other States. Instead of simply eliminating the minimum, a new formula was devised by the Comptroller, bearing merely superficial resemblance to the usual manner of allocation, which was designed to increase the tax by a method of apportionment which was fully as arbitrary as had been the illegal minimum.
The new formula is described in the majority opinion, and need not be repeated. The city admits at page 29 of its brief that the attack upon the formula by the petitioner is true, that assuming other factors remain the same:
“ (1) As taxpayer’s wholly out-of-City receipts increase, the tax on allocable (i.e., interstate) receipts increases;
“ (2) As taxpayer’s wholly out-of-City receipts decrease, the tax on allocable receipts decreases;
*329 “ (3) As taxpayer’s wholly inJCity receipts increase, the tax on allocable receipts decreases; and
“ (4) As taxpayer’s wholly in-City receipts decrease, the tax on allocable receipts increases.”
The fluctuations in the tax resulting from the application of this formula are unrelated to rational apportionment. There is no rational basis, as I view it, whereby the tax on interstate receipts can be increased as the taxpayer’s wholly-out-of-city receipts increase, or whereby the tax on interstate receipts is increased if the taxpayer’s wholly-in-city receipts decrease. Neither is there any rational relationship in the other enumerated applications of the formula.
The majority opinion appears to recognize that the application of this formula to other types of business may prove to be arbitrary, and result in invalidity, but considers that (formulas aside) taxing 45% to 48% of the interstate sales of Bloomingdale’s and Abraham & Straus is not unreasonable. Neither the Administrative Code nor the commerce clause nor the Fourteenth Amendment of the United States Constitution nor the New York State Constitution admits of assessing this tax on interstate sales against different businesses on a mere ad hoc basis. If that could have been done, the court would have held in Gulf Oil Corporation that however legally offensive the 33%% minimum might have been, recovery of 33%% would be allowed if it seemed fair to charge that amount against that taxpayer anyhow. In fact, under the Massachusetts-type formula, its percentages were 32.2%, 30.85% and 31.84% during the years involved.
The validity of this formula has to be tested, it seems to me, on what can be done under it, not by whether we consider that the result reached would have been fair if some other kind of formula had been promulgated which would have come out the same way. The court cannot decide the case on an ad hoc basis, it seems to me, any more than the City Comptroller could have done so by assigning to each taxpayer separately a percentage which, in his wisdom, he deemed should in the individual case be controlling in determining what proportions of interstate sales were subject to this tax, without prescribing any rules or regulations of general application as directed by subdivision b of section B46-2.0 of the Administrative Code.
*330 This formula, in my view, is invalid as contrary to that statute, and to the applicable provisions of the United States and New York State Constitutions.
The order of the Appellate Division and the determination of the City Comptroller should be reversed, and the matter remitted to the Comptroller for further proceedings.
Chief Judge Desmond and Judges Dye, Fuld, Burke and Scileppi concur with Judge Bergan ; Judge Van Voorhis dissents in a separate opinion.
Order affirmed.